# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**DONALD SEAMAN,**

    **Plaintiff,**

v.                                                                                    Case #

**LIFE INSURANCE COMPANY**
**OF NORTH AMERICA,**

    **Defendant.**
_____/

## COMPLAINT

The Plaintiff, DONALD SEAMAN (SEAMAN), sues LIFE INSURANCE COMPANY OF NORTH AMERICA (LINA) and states:

### Jurisdiction and Venue

1. This is an action for relief under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et. seq.

2. This Court has jurisdiction pursuant to ERISA § 502, 29 U.S.C. § 1132.

3. LINA is an insurance company headquartered in Connecticut, which is or was at all relevant times engaged in business in this District and which underwrote an insurance policy which funded the welfare benefit plan at issue in this action.

4. All actions described in this Complaint relate to SEAMAN'S' employment with REPUBLIC SERVICES (Republic), which sponsored the welfare benefit plan at issue in this action.

5. Venue is proper in this Court, because the Defendant is actively engaged in business within the District.

## SEAMAN'S Long Term Disability Benefit Claim

6. SEAMAN is a former employee of Republic, and by virtue of that employment, participated in a group welfare benefit plan which provided benefits in the event of Long Term Disability.

7. Republic purchased a group insurance policy from LINA to fund its Long-Term Disability benefit plan. A copy of the group policy is attached hereto as Exhibit "A" and is incorporated by reference.

8. SEAMAN was employed by Republic as a Operations Supervisor.

9. Due to a back and neck pain, SEAMAN's last actively worked for Republic on February 5, 2016.

10. SEAMAN made a claim for Long Term Disability benefits under Republic's Long-Term plan.

11. Some of SEAMAN's symptoms that precluded his ability to work in his occupation included, but were not limited to:

   a. chronic, severe pain in his back,

   b. chronic, severe chest pain,

   c. shortness of breath,

   d. limitations in sitting due to his pain,

   e. limitations standing due to his pain,

   f. pain symptoms causing him to be off-task, and

    g. the need to take rest breaks during the day that were inconsistent with his job duties.

12. To prove that he was disabled from his occupation, the LINA group disability insurance policy funding the Long-Term Disability Plan's terms required SEAMAN to meet the following definition of "Disabled:"

*How Does LINA Define Disability?*

*"The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:*

1. *Unable to perform the material duties of his or her Regular Occupation; and;*

2. *Unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.*

*After Disability Benefits have been payable for 24 months, the Employee is considered if, solely due to Injury or Sickness, he or she is:*

1. *Unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training or experience; and*

2. *Unable to earn 60% or more of his or her Indexed Earnings."*

13. LINA determined that SEAMAN met the definition of "Disabled" within the meaning of its policy and began paying effective August 4, 2016 (after satisfaction of the elimination period).

14. SEAMAN applied for Social Security Disability as required by LINA's policy.

15. On October 3, 2016, SEAMAN attended a hearing in front of a Social Security Administrative Law Judge to determine his eligibility for Social Security Disability Benefits as required by the policy.

16. LINA paid SEAMAN Long Term Disability benefits until October 11, 2017 when it terminated his payments.

17. The basis for LINA's termination was stated in an October 12, 2017 letter terminating benefits. Specifically, LINA concluded that SEAMAN no longer met the policy definition of Disability based upon his physical condition, restriction and limitations. That same letter provided SEAMAN 180 days to appeal.

18. On November 30, 2017, SEAMAN was approved for Social Security Disability Benefits by Administrative Law Judge Theodore Kim.

19. Judge Kim found SEAMAN's disability begin on February 7, 2016. Exhibit B)

**Appeal and Violation of 29 C.F.R. § 2560-503.1(h)(4)(i)(3)(i)**

20. SEAMAN submitted a timely appeal to LINA dated April 10, 2018, by facsimile and by tracked priority post through the United States Postal Service (U.S.P.S) which was received by LINA on April 12, 2018. (Appeal letter with facsimile confirmation and U.S.P.S. confirmation of delivery as Exhibit C)

21. Seaman submitted a supplemental appeal with additional evidence on April 17, 2018, by facsimile and by tracked priority post through the United States Postal Service which was received by LINA on April 20, 2018. (Supplemental Appeal letter with facsimile confirmation and U.S.P.S. confirmation of delivery as Exhibit D)

22. 45 days from April 12, 2018, the date the appeal was received by LINA, was May 27, 2018.

23. As of the date filing this complaint more than 45 days has elapsed, and no decision has been rendered by LINA, nor requested additional time.

24. In fact, LINA has not sent a single correspondence to SEAMAN or the undersigned since December 8, 2017.

25. Upon the receipt of an appeal of a Long-Term Disability claim adverse decision, a Plan Administrator has 45 days in which to make a determination pursuant to 29 C.F.R. § 2560-503.1(h)(4)(i)(3)(i).

26. A Plan Administrator may extend the period for up to an additional 45 days, provided that written notice of the extension and reasons for the same shall be provided to the claimant prior to the termination of the initial 45-day period as stated in 29 C.F.R. § 2560-503.1(h)(4)(i)(3)(i).

27. LINA violated regulation 29 C.F.R. § 2560.503-1(1), by failing to establish and follow a reasonable claim procedure within the time requirements contained in the regulation for issuing its decision.

28. Pursuant to 29 C.F.R. § 2560.503-1(1), SEAMAN's claim is deemed denied and any required administrative remedies are deemed exhausted by LINA's failure to make a decision within the time required by 29 C.F.R. § 2560.503-1(1).

29. Based on the above violations, de novo review applies in this matter.

**Standard of Review Based on Lack of Delegation of Discretion**

30. The group policy was drafted in its entirety by LINA.

31. The group policy is a contract of adhesion.

32. The group policy was issued to Republic by LINA.

33. LINA and the plan sponsor, Republic, also use the group insurance policy as the Plan document.

34. No plan documents exist other than the group insurance policy.

35. No originating plan document exists which instituted the Plan.

36. No originating plan document or other document exists in which Republic reserved any discretionary authority to itself in relation to the Plan.

37. At no time did Republic discuss or correspond with LINA about the existence, meaning, or significance of delegating discretionary authority from Republic to LINA before purchasing the group insurance policy to fund its disability plan.

38. At no time did Republic retain discretionary authority over any feature of the Plan, and it did not retain the authority to delegate any discretionary authority to LINA for any purpose.

39. At the inception of its Plan, Republic did not retain the authority to delegate discretionary authority of any type to any insurance company from which either were going to purchase or purchased an insurance policy to fund the Plan.

40. At the time it purchased the group disability insurance policy from LINA, Republic did not have any discretionary authority which it could delegate to another entity or person (including an insurance company).

41. The group disability insurance policy was drafted entirely by LINA.

42. No document prepared by Republic outlines procedures for delegating discretionary authority.

43. No document prepared by Republic delegates any discretionary authority to LINA.

44. LINA was not delegated discretionary authority such that its claim decision is entitled to a discretionary or arbitrary and capricious standard of review, because or one or more of the following:

   a) No plan sponsor or administrator ever had the authority to delegate discretion to LINA following the inception of its disability plan and/or no procedure was established to delegate discretion from Republic to LINA.

   b) Discretionary authority is a material concept that LINA never addressed or discussed with any plan sponsor or administrator;

   c) The group insurance policy is a contract of adhesion drafted entirely by the funding source company which cannot inject discretion into the plan for the first time;

   d) If Republic had power to delegate discretion, it never properly delegated discretionary authority over claims decisions to LINA.

45. De novo review applies to this action.

46. LINA is the Plan's claims fiduciary, deciding all aspects of claims under the insurance policy.

47. ERISA imposes "higher-than-marketplace quality standards on insurers." *Metropolitan Life Ins. Co. v. Glenn*, 128 S.Ct. 2343, 2350 (2008).

48. To the extent this Court determines that this action is subject to arbitrary and capricious review and/or LINA responded timely to SEAMAN's appeal

LINA, in its capacity as the plan's claim fiduciary, acted arbitrarily and capriciously by engaging in one or more of the following actions which failed to meet the standards imposed on ERISA fiduciaries and deprived SEAMAN of the full and fair review required by 29 U.S.C. §1133:

   a. Failing to acknowledge SEAMAN's appeal or keep him apprised of the appeal status;

   b. Accepting the unsupported conclusions of a reviewing physician it hired to provide to provide an allegedly independent opinion;

   c. Failing to properly consider the restrictions and limitations outlined by SEAMAN' physicians;

   d. Failure to timely provide denial letter;

   e. Failing to properly analyze the impact of SEAMAN's condition and inability to work;

   f. Failing to consider the award of Social Security benefits;

   g. Failure to explain why it rejected the findings of the Social Security Administration who has a more ridged definition of disability than LINA;

   h. Failing to properly evaluate the evidence in total, including but not limited to, failing to fully consider all relevant evidence;

   i. Failing explain why it rejected the opinions of the treating physicians;

49. Any claims paid under the group insurance policy, are paid by LINA entirely from LINA's assets.

50. No Republic assets are used to pay claims under the group policy funding the Long-Term Disability plan.

51. To the extent that this court determines that de novo review does not apply to this action, LINA pays claims from its own general assets as the claims decision maker and funder of the group insurance policy and LINA operates under a conflict of interest.  In such case, LINA's conflict of interest must be considered as a factor in whether LINA acted arbitrarily and capriciously, including but not limited the way in which LINA allowed its conflict of interest to cause it to engage in some or all of the biased claims handling procedures described above to deprive SEAMAN of a full and fair review as required by law.

## **Unpaid Benefits at Issue**

52. SEAMAN is entitled to benefits under the Plan consisting of Long Term Disability benefits since the date following LINA's termination, i.e. October 12, 2017, through the date of filing this action, as he has met the definition of disability based upon restrictions and limitations related to his impairments.

53. Benefits under the group disability insurance policy are calculated at a rate of 60% of SEAMAN's covered earnings.

54. Under the Plan, SEAMAN's monthly benefit rate equaled $1,409.00.

55. As of the date of filing this action, LINA owes SEAMAN a total of 7.6 monthly benefit payments at the rate of $1,490.00, an aggregate sum of $10,875.02.

56. SEAMAN is entitled to benefits herein because:

    (a)    The benefits are permitted under the Plan.

    (b)    He has satisfied all conditions to receive the benefits.

    (c)    He has not waived entitlement to the benefit.

### Prejudgment Interest

57.     Each monthly benefit payment owed since October 12, 2017 is a liquidated sum which became liquidated on the date the payment was due and payable. Plaintiff seeks pre-judgment interest on each such payment.

### Attorney Fees

58.     Pursuant to ERISA § 502(g), 29 U.S.C. §1132(g), SEAMAN is entitled to an award of reasonable attorney fees and costs incurred in an action brought under ERISA. SEAMAN was required to obtain the undersigned attorney to represent his in this matter and has agreed to a reasonable attorney fee as compensation to his attorney for legal services.

**WHEREFORE**, the Plaintiff, DONALD SEAMAN, asks this Court to enter judgment against the Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA, finding that:

(a)     The Plaintiff is entitled to Long Term Disability benefits from October 12, 2017 through the filing of this lawsuit; and

(b)     Awarding benefits in the amount not paid to the Plaintiff from October 12, 2017 to the date of filing this lawsuit—a total of $10,875.02, together with pre-judgment interest at the legal rate on each monthly payment from the date it became due until the date it is paid, and declare entitlement to any additional benefits owed to Plaintiff from the time of filing this Complaint to the time of Judgment in this action; and

(c)     Award reasonable attorney fees and costs incurred in this action; and

(d)     For such other and further relief as this Court deems just and proper, including but not limited to:

    1.     a declaration that Plaintiff's claim for benefits continues after the last date of benefits awarded by the Court, without need to file a new application for benefits, and

    2.     remanding Plaintiff's claim to the Plan Administrator for further action to address continuing benefits after the final date of benefits awarded by this Court, and

    3.     ordering Defendant to advise Plaintiff's former employer or any other necessary entity that benefits in this action were properly paid through the date of this Court's Order awarding benefits for purposes of coordinating or reinstating any ancillary benefits which should properly be paid or for which coverage should be awarded as a result of Plaintiff's receipt of disability benefits under the Plan.

DATED this 4th day of June, 2018.

        Respectfully,

        TUCKER & LUDIN, P.A.

        *s/ William C. Demas*
        WILLIAM C. DEMAS, ESQUIRE
        Florida Bar # 142920
        demas@tuckerludin.com
        JOHN V. TUCKER, ESQUIRE
        Florida Bar # 899917
        tucker@tuckerludin.com
        5235 16th Street North
        St. Petersburg, Florida 33703
        Tel.:   (727) 572-5000
        Fax:   (727) 571-1415
        Attorneys and Trial Counsel for Plaintiff